UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jack Ferranti, # 45299-053, | ) C/A No. 5:13-3471-TMC-KDW |
|                   Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Kenny Atkinson, Warden, | ) |
|                   Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the assigned United States District Judge. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Jack Ferranti ("Petitioner") is a federal prisoner currently confined at FCI-Edgefield in Edgefield County, South Carolina. He is serving a sentence for several convictions entered against him in 1996 following a jury trial in the Eastern District of New York. In the Petition now under review, Petitioner alleges that the trial judge made incorrect calculations of the amount of good-time credit he would receive in prison in connection with the determination of his sentence. Pet. 8, ECF No. 1. According to Petitioner, the trial judge calculated that he would receive more good-time credit per year than he actually does, and the additional time he is to serve as a result of the alleged error violates the ex post facto rule because it results in an illegal life sentence–one in excess of Petitioner's life expectancy. *Id*., Mem. Supp. Pet. 3, ECF No. 1-1. Petitioner asks the court to direct the sentencing

judge to re-sentence him using correct good-time calculations. *Id*. at 4.

Petitioner indicates that his convictions and sentences have been confirmed by the Second Circuit Court of Appeals in a direct appeal and by the sentencing court through an initial § 2255 motion. Pet. 3-4. He does not indicate that he made any attempt to obtain permission from the Second Circuit to file a successive § 2255 motion to raise his claim in the sentencing court before filing this case.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's sentencing claim is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which is present in this case. Essentially, § 2241 may be an appropriate basis for a habeas petition when a prisoner challenges the *execution* of his/her sentence. However, § 2241 is not generally available when the *underlying validity* of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from

other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

Petitioner's allegations about the sentencing judge's calculations in determining his sentence go to the underlying validity of his sentence, not the execution of the sentence, as Petitioner claims. Mem. Supp. Pet. 1, ECF No. 1-1. Only if Petitioner can come within the meaning of the so-called "savings clause" of § 2255, *see* 28 U.S.C. § 2255(e), could he pursue his requested remedy using § 2241. To come within the savings clause of § 2255, Petitioner would have to demonstrate that his is an "exceptional case" in which § 2255 is neither an adequate nor effective remedy for those issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, *1 (4th Cir. Oct. 09, 2013).

It is settled in the Fourth Circuit Court of Appeals that a possibility a second § 2255 petition filed by Petitioner in the Eastern District of New York might be found untimely or successive is not sufficient to render the § 2255 remedy inadequate or ineffective and permit Petitioner to pursue a § 2241 petition here. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). In fact, Petitioner makes no "ineffective or inadequate" argument. Even if Petitioner attempted such an argument, it should be rejected summarily. Under the facts shown in this case, Petitioner has not indicated that he requested that the Second Circuit Court of Appeals consider whether he should be permitted to file a second § 2255 motion to properly raise the sentencing claim he now tries to make in this court. *See* 28 U.S.C. § 2255 (h) (noting second or successive § 2255

motion may be permitted only when three-judge panel of circuit court follows procedure set out in § 2244 and finds the proposed second or successive motion satisfies specific standards).

This matter should be summarily dismissed. This court cannot overrule or set aside Petitioner's sentence established by the United States District Court for Eastern District of New York. Petitioner's failure to pursue potentially available and appropriate statutory procedures to have his arguments considered in the proper forum indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA.[1]

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

January 3, 2014                                                                 Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).