IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jack Ferranti, #45299-053, ) | |
| ) | Civil Action No. 5:13-3471-TMC |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Kenny Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner is an inmate at the Federal Correctional Institution at Edgefield, South Carolina, and is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss the petition without prejudice as a successive motion under § 2255. (ECF No. 12).[2] The petitioner timely objected to the Report, asserting that his petition properly falls under § 2241. (ECF No. 15).

The petitioner is currently serving time in federal prison in South Carolina for convictions received after a jury trial in the Eastern District of New York. His petition asserts that the sentencing court miscalculated the amount of good time credit he should receive and asks for resentencing. The memorandum in support of the petition specifically challenges the sentencing court's actions. (*See* Mem. in Supp. of § 2241 Pet., ECF No. 1-1 ("At the time of

---

[1] The Report incorrectly states that the petition was brought pursuant to § 2254.

[2] The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Petitioner's sentencing, the court . . . "; "In Petitioner's case the court used statistical calculations . . . "; "The court calculated the good time credit based on each year of Petitioner's sentence while the Bureau of prisons [sic] calculates good time credit on the time actually served.")). In addition, in his objections to the Report, the petitioner reiterates that he is "challenging the sentencing court's calculation . . . which is causing him to serve a longer sentence." (Obj. to Rep., ECF No. 15 at 2). However, on the petition itself, the petitioner also checked the boxes pertaining to challenging a Bureau of Prisons decision. (*See* § 2241 Pet., ECF No. 1 at 5-6). Because the questions on the petition itself concern only procedural matters and not the substance of the petitioner's claims, the court reads the petition and the petitioner's other filings as a whole as challenging the trial court's sentencing determination, and thus, falling under § 2255, not § 2241.[3]

Therefore, after a thorough review of this matter, the court adopts the Report and incorporates it herein. Accordingly, the petition in this case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 6, 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.

---

[3] A liberal construction of the petition and supporting documents reflects the petitioner is clearly attacking the validity, not the execution, of his federal sentence, as he requests that his sentence be vacated and that he be resentenced to a lesser term.