IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jack Ferranti, #45299-053, | ) | |
| | ) | Civil Action No. 5:13-3471-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kenny Atkinson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the court is the petitioner's motion to alter or amend the court's February 6, 2014, order. (ECF No. 22).

Pursuant to Federal Rule of Civil Procedure 59(e), a court may grant a motion to alter or amend a final judgment if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). The power to grant or deny a motion under Rule 59(e) is discretionary, and "[i]n general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). A motion to reconsider is not a vehicle for rearguing the law or petitioning a court to change its mind. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (explaining that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation and internal quotation marks omitted).

Here, the petitioner asserts that the court made a clear legal error and that it must amend its order to prevent manifest injustice. Specifically, the petitioner disagrees with the court's

1

conclusion that his petition constitutes a successive 28 U.S.C. § 2255 motion, rather than a § 2241 petition. The petitioner argues that he is challenging the execution of his sentence, rather than the sentence itself.

The petitioner's primary complaint revolves around how much good conduct time ("GCT") he should receive. He alleges that in creating his sentence, the sentencing court calculated GCT based on the total sentence imposed, while the Bureau of Prisons ("BOP") has calculated his GCT based on the length of time the petitioner actually serves and that, as a result, he will serve a life sentence in violation of the *ex post facto* doctrine.[1] Thus, the petitioner asked the court to vacate his sentence. However, in his current motion, he asserts that what he is really asking is that either the BOP conform to the sentencing court's sentence or the sentencing court re-sentence him, taking into account the BOP's GCT calculation.

After a thorough analysis, the Fourth Circuit has found that the BOP's interpretation of the GCT statute and, thus, it's method of calculating GCT are reasonable and afforded judicial deference. *See Yi v. Bureau of Prisons*, 412 F.3d 526, 534 (4th Cir. 2005) ("We conclude that the BOP has reasonably interpreted the statute so as to require the calculation of GCT based upon the inmate's time served. . . . Accordingly, we defer to the BOP's reasonable construction of 18 U.S.C. § 3624(b)."). Like the Fourth Circuit, this court must also afford the BOP's decision appropriate deference.

This leaves the petitioner facing a potential constitutional violation if his sentence is not recalculated. But, because the court must defer to the BOP's calculation, that recalculation must come from the sentencing court. Thus, the petitioner's ultimate remedy is resentencing by the sentencing court and his claim is properly interpreted as a challenge to the underlying validity of

---

[1] Specifically, the petitioner alleges that, using its calculations, the Eastern District of New York found his life expectancy to be 31 years and, factoring in GCT, sentenced him to 30.8 years. However, using the BOP's calculations, he will serve 31.65 years.

his sentence, which he must bring under § 2255 in the district in which he was sentenced. *See* 28 U.S.C. § 2255(a) (stating that, under this section, a prisoner "claiming the right to be released upon the ground that [his] sentence was imposed in violation of the Constitution . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"). Accordingly, this court lacks jurisdiction in this matter and the petitioner must seek redress in the Eastern District of New York.

Therefore, after a thorough review of the record and relevant issues in this case, the court finds that the petitioner has not stated adequate grounds under Rule 59(e) and, thus, the petitioner's motion to alter or amend judgment (ECF No. 22) is DENIED.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to show that this court's rulings are debatable or wrong. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

May 5, 2014
Anderson, South Carolina